Argued February 20, affirmed June 4, rehearing denied June 25, 1929.

# RICHARD M. FOX *v.* TITLE AND TRUST CO. ET AL.

(277 Pac. 1003.)

For appellant there was a brief over the name of *Mr. W. C. Bristol,* with an oral argument by *Mr. L. J. Balbach.*

For respondent Title and Trust Company there was a brief over the names of *Messrs. Bronaugh & Bronaugh* and *Messrs. Teal, Winfree, McCulloch & Shuler,* with oral arguments by *Mr. A. B. Winfree* and *Mr. Earl C. Bronaugh.*

*Mr. John K. Kollock* on brief for receivers of Ralph Schneeloch Co.

RAND, J.—This is an appeal from an order of the Circuit Court for Multnomah County sustaining a demurrer to a petition filed by plaintiff, praying for a declaratory decree under Chapter 300, Laws of

1927, dismissing the petition after plaintiff had declined to plead further.

One of the objects sought to be obtained by the petition was to have the Title and Trust Company, one of the defendants herein, enjoined and restrained from proceeding further with the prosecution of a suit which had been brought by the Title and Trust Company, as trustee, to foreclose a mortgage or trust deed which had been executed and delivered to it on July 19, 1924, by the Security Buildings Corporation, as principal, and the Security Storage & Transfer Company, as corporate guarantor, and E. F. Younger, the president of the two last-named companies, as individual guarantor, to secure the payment to said trustee of an issue of bonds of said Security Buildings Corporation in the principal sum of $350,000 on certain real property in the City of Portland, consisting of what had been formerly known as the Marshall-Wells Building. By the terms of the mortgage, each of said guarantors guaranteed the payment of the bonds and the performance by the Security Buildings Corporation of all its covenants under the mortgage. On June 15, 1926, the Security Buildings Corporation and said guarantors each and all defaulted in the payment of certain of said bonds maturing on that day and also in payment of the semi-annual installment of interest upon the entire bond issue, which, by the terms of the mortgage and of the bonds, was also payable on that date. Because of said default and strictly in accordance with the provisions of the mortgage, the trustee declared the entire debt secured by the mortgage to be immediately due and payable and two days thereafter instituted suit in said Circuit Court to foreclose said mortgage, naming as defendants in such suit all of the parties to the

original trust deed and all parties shown by the records in said county to have a lien upon or any interest in the mortgaged premises.

The petitioner Fox was not a party to the mortgage nor was he a party to the foreclosure suit, nor a holder of any of said bonds, nor did he have any lien or interest in the mortgaged premises. The defendants in the foreclosure suit were represented by the same attorneys who appear for petitioner in these proceedings, and the very same matters and things were alleged by the defendants in that suit that are now alleged and set forth in petitioner's petition herein except that it is now alleged in the petition that, subsequent to the execution and delivery of the mortgage, the petitioner, in order to provide funds for the alteration of the building, under an agreement with Younger and the Security Buildings Corporation advanced the sum of $62,500 for that purpose and that the alterations, additions and improvements were made and thereby enhanced the security of said bonds and that by reason of such expenditures so made by petitioner, he now has an interest in the mortgaged premises, but the nature of his alleged interest is not disclosed by the petition. The statement contained in the petition that petitioner is interested in the mortgaged premises is a mere statement of a conclusion only for the petition itself does not contain any allegation of any fact under which petitioner could or did acquire any interest, either legal or equitable, in the mortgaged premises, or for which the trustee could in any way be held responsible. It does not allege or claim that petitioner took any mortgage upon said property to secure his advances, nor that he has reduced his claim to judgment, nor that he has in any manner acquired any lien upon the mort-

gaged premises, nor that he has anything more than a personal unsecured claim against the Security Buildings Corporation for such advances.

It is alleged that the Title and Trust Company had knowledge that the petitioner was making such advances to the mortgagor, but it is not alleged that such advances were made at the instance or request of the Title and Trust Company, the trustee named in the mortgage, or that it ever assumed any liability therefor or ever promised to repay the same, or that it ever agreed to protect petitioner in any manner whatsoever.

The mortgage was foreclosed in the Circuit Court and defendants appealed, and the decree of foreclosure was affirmed by this court on May 1, 1929. See Advance Sheets, vol. 8, p. 815. A few days prior to the hearing of the foreclosure suit in the court below, petitioner filed this petition in that court and based his right to relief wholly upon the claim of having made such advances. The foreclosure suit was instituted in June, 1926, but was not tried until October, 1927. It is clear from a reading of the petition and of the proceedings taken thereunder in the Circuit Court that petitioner's sole purpose in filing the petition was to obtain a postponement of the foreclosure suit and not to obtain any personal relief for himself.

While the petition presented here was denominated a complaint, it stated no facts which would entitle plaintiff to any equitable relief or to any declaration of right. It showed on its face that petitioner was not interested in the subject matter of the declaration sought, and that he is a stranger to the transactions about which he complains. As said in *Guaranty Trust Company of New York v. Hannay & Co.,* 2

K. B. 536, 562, it is not the purpose of the statute "to enable any stranger to the transaction to go and ask the court to express its opinion in order to help him in other transactions." If petitioner is entitled to any relief by reason of the transactions alleged in the petition, it is not against the mortgaged premises nor the trustee under the mortgage. As to the mortgaged premises and as to the trustee, petitioner is a stranger and he is complaining about transactions which were not involved in the foreclosure suit nor for which the trustee was liable. His remedy, if he has any under the facts alleged in his petition, is against either the Security Buildings Corporation or the Security Storage and Transfer Company, or both. He is not entitled to any declaration of right as against the trustee enforcing the mortgage, nor as against the mortgaged premises. It was, therefore, proper for the court to sustain the demurrer and dismiss his petition, and the order appealed from must be affirmed.     Affirmed.   Rehearing Denied.

Brown, J., did not participate in this opinion.