**Robert W. PAULIN, Appellant,**

v.

**FIREMAN'S FUND INSURANCE COMPANY, Appellee.***

**2 CA–CIV 5I.**

Court of Appeals of Arizona.

June 29, 1965.

Review Denied Oct. 5, 1965.

Boyle, Bilby, Thompson & Shoenhair, Tucson, of counsel, H. C. Warnock, Tucson, for appellant.

Chandler, Tullar, Udall & Richmond, Tucson, of counsel, S. Thomas Chandler, Tucson, for appellee.

MOLLOY, Judge.

This is an appeal to recover damages for the alleged breach of a contract of insurance. Appellant is the insured under a "Homeowner's Policy" of insurance issued by the appellee. This policy of insurance was in full force and effect during all times material to this action. The alleged breach consisted of appellee's refusal to defend a prior action brought by a third person against appellant for assault and battery and false imprisonment. Appellant seeks to recover for legal expenses, costs and attorney's fees which were expended by him made necessary by reason of the alleged wrongful failure of the appellee company to assume the defense of the claims. After trial of the case by the court sitting without a jury, judgment was entered in favor of the appellee. It is from this judgment and the denial of a new trial that appellant appeals.

The provisions in question of the subject policy are these:

"This Company agrees with the named Insured:

"1. Coverage E–Liability: To pay on behalf of the Insured all sums which the Insured shall become legally obli-gated to pay as damages because of bodily injury, sickness or disease, in-

---

* This appeal was filed with the Arizona Supreme Court and assigned that court's No. 7825. The matter was referred to this court pursuant to § 12–120.23 A.R.S.

·cluding death at any time resulting therefrom, sustained by any person, and as damages because of injury to or destruction of property, including the loss of use thereof.

\* \* \* \* \* \*

"2. Defense, Settlement, Supplementary Payments: With respect to such insurance as is afforded by this policy for Coverage E, this Company shall:

"(a) defend any suit against the Insured alleging such injury, sickness, disease or destruction and seeking damages on account thereof, even if such suit is groundless, false or fraudulent; but this Company may make such investigation, negotiation and settlement of any claim or suit as it deems expedient;"

\* \* \* \* \* \*

"Coverage E" is a part of the policy designated as "Section II." In this section of the policy in that portion thereof captioned as "EXCLUSIONS," there is the following:

"Section II of this Policy Does Not Apply:

\* \* \* \* \* \*

"(c) to injury, sickness, disease, death or destruction caused intentionally by or at the direction of the Insured;"

The facts of record relating to the action against the appellant, insured, based upon assault and battery and false imprisonment are as follows.

On October 15, 1958, appellant was in California on business and was driving a car covered by a separate liability policy carried with Globe Indemnity Company. On the evening in question, appellant became suspicious that his car was being followed by another vehicle. A short time later, when the appellant's vehicle and the following vehicle stopped for a traffic control light, the appellant positioned his car beside the automobile which had been following him, so as to force it to the curb, slightly coming in contact with same. At this time, the person [a lady] who had been following appellant, jumped from her car and started to flee. Thereupon appellant proceeded from his car, stopped her by grabbing her arm and physically put her back in her car against her will. Then appellant closed the door and removed the ignition keys. The lady was kept prisoner in the car while police were being summoned and until their arrival at the scene. As it was subsequently learned, the mysterious lady turned out to be a Marguerite Cranston, a private detective.

As a result of this incident Marguerite Cranston instituted an action in the Superior Court of Los Angeles against the appellant. The Cranston complaint alleged three causes of action in alternative counts: [1] negligence and/or willful assault in damaging her automobile, [2] assault and battery upon her person, and [3] false imprisonment. Defense of the action was tendered to and accepted by Globe Indemnity Company under a reservation of rights agreement.

We are concerned in this action with Counts II and III only. The defense of these counts of assault and battery and false imprisonment was tendered to appellee. Appellee declined the defense on the grounds that the policy did not provide coverage for injuries intentionally caused by the insured. Appellant then proceeded to employ his own counsel to represent him in the action, who together with counsel employed by Globe Indemnity Company defended the action. Judgment was granted in favor of appellant on all three counts after a jury verdict denying all relief. Appellant then brought the present action against appellee company to recover the amount of attorney's fees and other expenses incurred in the defense of the Cranston suit.

There is no contention made that the appellant ever informed the appellee insurance company that the Cranston complaint was the result of the appellant's negligently injuring Mrs. Cranston. Informa-

tion given to it by the appellant in connection with the demand to defend was in accordance with the facts as outlined herein, with the addition that the insured notified the insurance company that he did not believe there had been personal injury of any kind inflicted upon Mrs. Cranston on the occasion in question. Appellant contends that an insurance company cannot refuse to defend against a suit by a third party on the grounds that the allegations of the complaint are not within its policy, when the facts known, or reasonably ascertainable by it, indicate that the claim is covered by the policy.

We recognize the general rule that in case of ambiguity or doubt respecting the terms of a policy, the contract should be construed against the company and in favor of the insured. D. M. A. F. B. Fed. Cr. U. v. Employers Mut. L. Ins. Co. of Wis., 96 Ariz. 399, 396 P.2d 20 [1964]. But an insurance policy is a contract and terms of the policy govern in an action thereon, D. M. A. F. B. Fed. Cr. U. v. Employers Mut. L. Ins. Co. of Wis., supra, where those terms are plain and unambiguous.

It is clear that under Coverage E–Liability of the policy, the company gave covenant that it would:

> " * * * pay on behalf of the Insured all sums which the Insured shall become legally obligated to pay as damages because of bodily injury, * * * sustained by any person, * * * * "

with certain specified exceptions, among which is the exception of injury " * * * caused intentionally * * * * " It is just as clear that by clause 2, under this same Section II, the company undertook, *"With respect to such insurance as is afforded by this policy for Coverage E, * * * to defend any suit against the Insured alleging such injury, * * * even if such suit is groundless, false or fraudulent; * * * * "* [Emphasis added]

Is there a duty under this language to defend *any* groundless, false or fraudulent claim brought against the insured alleging personal injuries and/or property damages? We think not.

The issue before this court is one of first impression in Arizona. The great weight of authority in the United States. seems to be that the obligation of the liability insurance company under policy provisions substantially the same as now before us is to be determined by the allegations of the complaint to be defended. Wilson v. Maryland Casualty Co., 377 Pa. 588, 105 A.2d 304 [1954]; MacDonald v. United Pacific Insurance Company, 210 Or. 395, 311 P.2d 425 [1957]; Theodore v. Zurich General Accident & Liabil. Ins. Co., 364 P.2d 51 [Alaska 1961]; Lee v. Aetna Casualty & Surety Co., 178 F.2d 750 [2nd Cir. N.Y.1949]; Blohm v. Glens Falls Insurance Company, 231 Or. 410, 373 P.2d 412 [1962]; Isenhart v. General Casualty Company of America, 233 Or. 49, 377 P.2d 26 [1962]; Appleman, Insurance Law and Practice, Vol. 7A, § 4684; 45 C.J.S. Insurance § 933 a; 29A Am.Jur., Insurance, § 1452; Annotation 50 A.L.R.2d 459.

The general rule is stated at 50 A.L.R. 2d 464:

> " * * * Taking the allegations of the complaint as their basis, the courts have adopted the following tests for determining the merits of the claim that in an individual case the insurer is obligated to defend: If the complaint in the action brought against the insured upon its face alleges facts which come within the coverage of the liability policy, the insurer is obligated to assume the defense of the action, but if the alleged facts fail to bring the case within the policy coverage, the insurer is free of such obligation. Stated differently, the insurer is under an obligation to defend only if it would be held bound to indemnify the insured in case the injured person prevailed upon the allegations of his complaint. * * * * "

It should be noted that the duty of a liability insurer to defend actions brought

against insured is a separate obligation from the duty to ultimately pay a successful suit against the insured, in that the promise is to defend claims which may have no basis at all as long as the allegations of the complaint bring it within the coverage of the policy. These separate duties are discussed in 29A Am.Jur., Insurance, § 1452, p. 565, in the following manner:

"* * * The duty to defend does not depend upon the insurer's liability to pay, since the insurer's duty to defend stems from its own contractual obligation to the insured while its ultimate liability to pay on behalf of the insured depends upon the law of negligence, and since the usual policy provisions requiring the insurer to defend cannot be construed to impose such a duty only in the case of successful suits against the insured. Accordingly, the insured may be obligated to defend although not held liable to pay. In other words, the insurer may be obligated to defend so-called 'groundless' suits—namely, suits the allegations of which bring them within the coverage of the policy, but which are decided in favor of the insured. * * *"

Conversely, the insurer may be obligated to indemnify against judgments obtained in an action which it had no duty to defend. Journal Pub. Co. v. General Casualty Co., 210 F.2d 202 [CA 9th 1954].

In speaking of the insurer's duty to defend groundless, false or fraudulent suits, it is stated in Appleman, Insurance Law and Practice, Vol. 7A, § 4684, p. 448:

"* * * But a distinction must be drawn between groundless suits, and actions which, even if successful, would not be within policy coverage: Since the insurer's duty to defend ordinarily is correlative with its duty to pay a judgment which might be obtained against the insured, it is apparent that the insurer has the duty of defending only those actions that are within the terms of the policy, and

where there has been no breach of the policy."

The eminent Judge Learned Hand in the much-cited case of Lee v. Aetna Casualty & Surety Co., supra, said as to the insurer's obligation to defend:

"* * * This language [referring to the promise to defend clause] means that the insurer would defend the suit, if the injured party states a claim, which, qua claim, is for an injury 'covered' by the policy; it is the claim which determines the insurer's duty to defend; and it is irrelevant that the insurer may get information from the insured, or from any one else, which indicates, or even demonstrates that the injury is not in fact 'covered.'"

The appellant urges this court to follow the decisions of the states which have adopted the view that in certain circumstances the insurer's obligation to defend goes beyond the allegations of the complaint or petition. The courts adhering to this view hold that when the complaint against the insured alleges untrue facts placing the claim within an exception to the policy, but the true facts, known or ascertainable to the insurer, are within coverage, the insurer is obligated to defend the suit. Loftin v. United States Fire Insurance Company, 106 Ga.App. 287, 127 S.E.2d 53 [1962]; Hardware Mut. Casualty Co. v. Hilderbrandt, 119 F.2d 291 [10th Cir. 1940]; Campidonica v. Transport Indemnity Company, 31 Cal.Rptr. 735 [1st Dis. 1963]; Pacific Indemnity Company v. Run-A-Ford Company, 276 Ala. 311, 161 So.2d 789 [1964], and cases cited at 50 A.L.R.2d 500.

But even these cases, which appear to be in the minority [see Wilson v. Maryland Casualty, supra, and cases at 50 A.L.R. 2d, at p. 498 for majority], do not support the appellant's position here, for this exception to the general rule is predicated upon there being "true facts" which bring the third party suit within the coverage of the policy. For instance, in Hardware

**412**

Mut. Casualty Co. v. Hilderbrandt, supra, the injured party's complaint alleged that the injured person was an employee of the insured, in which case an exception to the liability insurance would pertain. The true fact was that the injured party was not an employee of the insured, but was a licensee, to whom the insured owed certain duties in regard to the safety of the premises. The true facts were clearly within the coverage of the policy.

Here we do not have any such divergence between the alleged facts and the true facts. Here, there was either an *intentional* tort, as alleged, or a groundless suit, *alleging* an *intentional* tort.

Neither the alleged or the "true facts" are within the coverage of the duty-to-defend clause of this policy.

The only case called to the court's attention which supports the appellant's position is that of Firco, Inc. v. Fireman's Fund Insurance Company, 343 P.2d 311 [3rd Dis.Cal.1959]. This case stands alone, as far as this court has been able to ascertain. The case appears to hold that even when the allegations of the complaint of the injured party allege facts falling outside of the coverage of the liability policy, there is a duty to defend because the claim "might or might not turn out upon the trial of the action to have been one covered by the policy." The case lays down no standard to follow as to what degree of possibility there must be that it "may" develop that there is coverage. Of course, with amendments freely allowed, any suit "may turn out" to be within the liability coverage of any policy. If it does, there may be a duty to indemnify according to the provisions of the policy. But until there is some pleading alleging fact or theory invoking the provisions of the liability policy, or until the liability company has been put on notice of "true facts" bringing the case within the cover-

age of the policy, this court finds no duty to defend under the plain intendment of the subject policy.

In so saying, we do not intend to embrace the "true facts" test of Hardware Mut. Casualty Co. v. Hilderbrandt, supra, and similar cases. Whether this should be the law in this state must await a case presenting a factual situation which invokes the doctrine.

Judgment affirmed.

KRUCKER, C. J., and HATHAWAY, J., concur.