451 P.2d 46

**TUCSON PUBLIC SCHOOL DISTRICT NUMBER ONE, Appellant,**

**v.**

**HOME INSURANCE COMPANY, Appellee.**

**No. 2 CA–CIV 615.**

Court of Appeals of Arizona.

Feb. 28, 1969.

Rehearing Denied March 28, 1969.

Review Denied April 29, 1969.

William J. Schafer III, County Atty., Pima County, Lawrence Ollason, Sp. Deputy County Atty., Tucson, for appellant.

Robertson & Fickett, by Leonard Everett and David C. Bury, Tucson, for appellee.

MOLLOY, Chief Judge.

This appeal arises out of a personal injury suit brought by a teacher against the Tucson Public School District Number

**234**

One. The District filed a third-party complaint against the Home Insurance Company alleging that it had liability insurance with that company which obligated Home to pay any and all damages which might be assessed against it in the principal action. This third-party complaint demanded that a judgment be entered against Home in an amount equal to any judgment which might be obtained against the District in the principal action.

Home Insurance filed a motion for summary judgment, submitting in verified form the provisions of its insurance policy, pointing out those sections which it claimed exempted it from liability as to the subject action. A summary judgment was entered in which there was an express determination that there was "* * * no just reason for delay * * *" and an express direction for entry of judgment against the School District to the effect that it "take nothing" by its third-party complaint. *See* Rule 54(b), as amended, R.Civ.P., 16 A.R. S. At the time of the appeal by the District, the action brought by the teacher-plaintiff against the District was still pending.

■ The complaint giving rise to this litigation alleges:

"On or about December 5, 1966, Plaintiff MARGOT E. MACKEY was employed by Defendant SCHOOL DISTRICT NUMBER ONE and was working as a school teacher at Fickett Jr. High School, and at that time and place, she was attempting to close a venitian [*sic*] blind in the proper and described manner, when with no apparent reason, the entire blind assembly fell upon her, causing the injuries hereinafter described and further, that the said incident was the result of the carelessness and negligence of defendants."

The plaintiff in this same complaint alleges a contract of employment with the District and a failure on the part of the defendant to comply with the provisions of A.R.S. § 23-906, which statutory provision requires an employer covered by the Workmen's Compensation Act to post certain notices to employees of the fact of coverage and giving notice of an option to elect, prior to injury, to reject Workmen's Compensation. There are no other allegations of negligence in the complaint.

While the complaint does not, in so many words, say that plaintiff was injured in the course of her employment, this is necessarily implicit in its allegations. Any ambiguity in this regard is clarified by the amended answer of the District:

"* * * admits that Plaintiff Margot E. Mackey was employed by this Defendant on or about December 5, 1966 and that on or about said date the said Plaintiff *sustained injury by accident arising out of and in the course of her employment.*" (Emphasis added)

■ The provisions of the subject liability policy are undisputed. The only possible coverage is contained within that section denominated "Coverage B," reading:

"To pay on behalf of the insured all sums which the insured shall become legally obligated to pay as damages because of bodily injury, sickness or disease, including death at any time resulting therefrom, sustained by any person and caused by accident."

Under the EXCLUSIONS there is the following which we deem to be pertinent:

"This policy does not apply:

\* \* \* \* \* \*

"(f) under coverages A and B, to any obligation for which the insured or any carrier as his insurer may be held liable under any workmen's compensation * * or under any similar law;

\* \* \* \* \* \*

"(h) under coverage B * * * *to bodily injury to or sickness, disease or death of any employee* of the insured *arising out of and in the course of his employment by the insured*; (emphasis added)

\* \* \* \* \* \* "

No controverting affidavit was filed in response to the motion for summary judgment. No argument is made that the plaintiff-teacher is not bringing civil action to recover for injuries incurred by her in the course of her employment. The argument is made, however, that the provisions of the policy are ambiguous as to defending and should be construed against the insured. The District contends that the policy should be construed as a whole, but no other provisions of the policy are pointed out which might create ambiguity.

In our view, the policy provisions are clear and exclude coverage for the claim of liability set out in the plaintiff's complaint. Paulin v. Fireman's Fund Insurance Company, 1 Ariz.App. 408, 403 P.2d 555 (1965); *cf.* Lawrence v. Burke, 6 Ariz.App. 228, 431 P.2d 302 (1967).

Though the third-party complaint does not ask that Home Insurance be required to defend the District as to this suit, it was argued in the trial court, and is now argued here, that the following provision of the policy requires the furnishing of a defense, even though there is no liability to pay any judgment rendered:

*"With respect to such insurance as is afforded by this policy,* the company shall:

"(a) defend any suit against the insured *alleging such injury,* sickness, disease or destruction and seeking damages on account thereof, even if such suit is groundless, false or fraudulent \* \* \*." (Emphasis added)

Here, as in *Paulin, supra,* there are no "true facts" which are alleged to have come to the insurance company's attention which would indicate any grounds for liability other than those alleged in the complaint filed by the plaintiff. In *Paulin,* we held that the duty to defend, under a substantially identical provision, was controlled by the allegations of the complaint to be defended. We follow *Paulin* now.

Judgment affirmed.

HATHAWAY, J., and GORDON FARLEY, Superior Court Judge, concur.

NOTE: Judge HERBERT F. KRUCKER having requested that he be relieved from consideration of this matter, Judge GORDON FARLEY was called to sit in his stead and participate in the determination of this decision.