NOT FOR PUBLICATION

UNITED STATES COURT OF APPEALS

FOR THE NINTH CIRCUIT

| | |
|---|---|
| RTR BUILDERS INCORPORATED, an Arizona corporation/ Judgment Debtor, | No. 13-16638 |
| Plaintiff-counter-defendant, | D.C. No. 2:12-cv-02007-SRB |
| ATAIN SPECIALTY INSURANCE COMPANY, a Michigan corporation, FKA USF Insurance Company, | MEMORANDUM[*] |
| Garnishee - Appellee, | |
| v. | |
| HOMER F. SAVARD, husband/ Judgment Creditor; et al., | |
| Defendants-counter-claimants - Appellants. | |

Appeal from the United States District Court
for the District of Arizona
Susan R. Bolton, District Judge, Presiding

Argued and Submitted October 23, 2015
San Francisco, California

Before: HAWKINS, SILVERMAN, and CHRISTEN, Circuit Judges.

---

[*]     This disposition is not appropriate for publication and is not precedent except as provided by 9th Cir. R. 36-3.

After rebuilding a substantial portion of the Savards' home, their general contractor, RTR Builders, stopped work because of a payment dispute. RTR filed a complaint against the Savards seeking payment and the Savards asserted various counterclaims. RTR repeatedly asked its insurer, Atain Specialty Insurance Company, to defend and indemnify it under RTR's Commercial General Liability Policy ("the Policy"). Atain declined. RTR eventually confessed judgment and assigned its claims against Atain to the Savards in a *Damron* agreement. *See Damron v. Sledge*, 460 P.2d 997 (Ariz. 1969). In the Savards' subsequent collection action, the district court granted summary judgment in favor of Atain. The Savards argue on appeal that Atain breached its duty to defend and indemnify RTR. We have jurisdiction over this diversity action under 28 U.S.C. § 1291 and we affirm.[1]

The Savards argue that Atain had a duty to defend RTR because the Savards alleged that RTR caused "property damage" resulting from an "occurrence" within the meaning of the Policy. An insurer has a duty to defend when a complaint alleges "facts that, if true, would give rise to coverage," *Lennar Corp. v. Auto-Owners Ins. Co.*, 151 P.3d 538, 544 (Ariz. Ct. App. 2007), so long as "other facts

---

[1] Because the parties are familiar with the facts we do not recount them here.

2

which are not reflected in the complaint [do not] plainly take the case outside the policy coverage," *Kepner v. Western Fire Ins. Co.*, 509 P.2d 222, 224 (Ariz. 1972) (en banc). An "occurrence" is defined in the Policy as "an accident, including continuous or repeated exposure to substantially the same general harmful conditions." RTR's affirmative decision to stop work was not an "occurrence." The Savards did not establish a triable issue of fact as to whether Atain had a duty to defend RTR.

The Savards also contend that Atain had a duty to indemnify RTR.[2] To determine a duty to indemnify we look to whether the facts "proven, stipulated or otherwise established" fall within policy coverage. *Colorado Cas. Ins. Co. v. Safety Control Co., Inc.*, 288 P.3d 764, 772 (Ariz. Ct. App. 2012). The Savards did not establish a disputed issue of fact as to whether they suffered "property damage" caused by an "occurrence." They allege that their home sustained water damage, but nothing in the record shows that any water damage actually occurred. The

---

[2]   The Savards argue that Atain had a duty to indemnify RTR for the full stipulated *Damron* judgment because Atain breached its duty to defend RTR. Because we find Atain did not have a duty to defend RTR this argument is moot. But even if Atain had a duty to defend RTR and breached that duty, the Savards would still have to show Atain had a duty to indemnify RTR; a *Damron* agreement establishes the amount of liability, but it does not establish coverage. *Quihuis v. State Farm Mut. Auto. Ins. Co.*, 334 P.3d 719, 727 (Ariz. 2014) (recognizing that an insurer in breach of its duty to defend is not bound by a *Damron* agreement unless the insured can separately establish a duty to indemnify).

3

record does show evidence of incomplete construction, but this alone cannot constitute property damage under the Policy. *U.S. Fidelity & Guar. Corp. v. Advance Roofing & Supply Co., Inc.*, 788 P.2d 1227, 1230 (Ariz. Ct. App. 1989). As noted, the Savards did not raise a disputed issue of fact about whether there was an occurrence under the Policy, because incomplete construction cannot constitute an "occurrence."[3]

Last, the Savards argue that failing all else, RTR had a reasonable expectation of coverage because Atain knew what kind of work RTR performed, it could infer RTR expected coverage for this work, and it subsequently created an impression of coverage by not informing RTR that its work was not covered. We can find no authority for the proposition that an insurer has an affirmative duty to alert its insured that the insured is operating outside of coverage, lest the insurer create a reasonable expectation of coverage. Even if an insurer had such a duty, the record does not reflect that RTR represented to Atain that it was operating

---

[3] The Savards rely on Arizona case law suggesting that damage resulting from *faulty* construction (as opposed to *incomplete* construction) can itself constitute an occurrence. *See Lennar Corp.*, 151 P.3d at 546. But the negligent construction in *Lennar* is unlike the intentional incomplete construction here; damage caused by the former can be considered an "accident," but damage caused by the latter cannot. Further, as noted, the Savards did not establish a triable issue of fact as to whether the incomplete construction actually resulted in any property damage.

outside of coverage. The Savards have not raised a triable issue of fact as to whether Atain had a duty to indemnify RTR.

AFFIRMED.