636 P.2d 1247

**John F. KELLNER and Deon Kellner, husband and wife, Plaintiffs/Appellants,**

**v.**

**Robert G. LEWIS; Lewis Enterprises, Inc.; Robert G. Lewis and Karen Lewis, d/b/a Lewis Enterprises, Inc., Defendants/Appellees.**

**No. 2 CA–CIV 3894.**

Court of Appeals of Arizona, Division 2.

Oct. 2, 1981.

Rehearing Denied Nov. 6, 1981.

Review Denied Nov. 24, 1981.

Paul G. Rees, Jr., Tucson, for plaintiffs/appellants.

Chandler, Tullar, Udall & Redhair by Jack Redhair, Tucson, for defendants/appellees.

## OPINION

BIRDSALL, Judge.

The trial court set aside a judgment in favor of plaintiffs/appellants Kellner and against defendants/appellees Lewis and Figueiredo on the motion of Travelers Insurance Companies. Travelers contests coverage in a separate action.

The appellants have unnecessarily complicated what should be an appeal questioning only whether Travelers had notice of this action prior to judgment and whether Travelers must concede coverage before intervening in the lawsuit. Nevertheless, we will consider appellants' arguments in the order in which they are presented.

Appellants' opening brief states as the only question presented:

"Where an insurance company's agent who sold the policy has received suit papers and failed to advise the carrier of the suit, and the carrier two years later asks rule 60(c) relief from the judgment but appears only so far as its personal interests are concerned and asserts the right to contest coverage, does a trial court abuse its discretion when it sets aside a judgment against the insureds?"

However, their brief then divides this question into the following propositions:

1) "Travelers" cannot represent the Lewis interests while attacking coverage.
2) Defect in the "party" seeking Rule 60(c) relief.
3) The insurer had legal notice and opportunity to defend.
4) There is no Rule 60(c) justification to set aside the Figueiredo judgment.

We disagree with appellants on all these propositions and affirm.

The accident giving rise to appellants' complaint occurred July 27, 1977. Appellants alleged that Figueiredo was negligent while driving a vehicle owned by Lewis, either in the course of his employment or with consent. Prior to the date of the accident Travelers had insured Lewis. The coverage question may arise in part because Travelers claims to have cancelled that insurance.

The complaint was filed August 23, 1977, and Lewis retained an attorney who mailed the summons and complaint to Harlan Insurance Service in Tucson. Harlan had issued Travelers' policy insuring Lewis. The agency did not notify Travelers. An em-

ployee did answer the attorney's letter, advising that the insurance had been cancelled. The attorney knew that Harlan was not an agent of Travelers for the purpose of determining coverage and had asked in the letter that Harlan forward the papers to Travelers.

In September, 1979, the Kellners and Lewis agreed that, in exchange for the waiver of a jury, the Kellners would not satisfy a judgment against Lewis. A court trial on September 11 resulted in a $250,000 judgment against Lewis and Figueiredo. By letter dated September 20 the Kellners demanded that Travelers pay this judgment. This was the first Travelers knew of the lawsuit. On November 15, Travelers filed its motion to set aside the judgment pursuant to Rule 60(c), Rules of Civil Procedure, 16 A.R.S. After an evidentiary hearing, the trial court granted the motion. Although this hearing was reported, the appellate record contains no transcript.

### 1. Standing

Appellants' argument under their first proposition—that Travelers cannot represent Lewis while attacking coverage—although commencing on page 14 of their brief, is not actually discussed except for one statement on page 21 which reads, in part, Travelers cannot "get into the picture, adverse to plaintiffs and to Lewis and still retain its right to refuse to defend Lewis." No authority is cited.

■ An insurer has standing to move to set aside a judgment which it may be required to pay. *Sandoval v. Chenoweth*, 102 Ariz. 241, 428 P.2d 98 (1967); *Camacho v. Gardner*, 104 Ariz. 555, 456 P.2d 925 (1969); *Manny v. Estate of Anderson*, 117 Ariz. 548, 574 P.2d 36 (1977); *Mayhew v. McDougall*, 16 Ariz.App. 125, 491 P.2d 848 (1971). If the insurer has sufficient grounds under Rule 60(c), the motion is well taken. Here, assuming Travelers had no notice (which we consider in proposition 3) the grounds are evident. When an insurer has no notice of the lawsuit against its insured, subparagraph (6) of the Rule, "any other reason justifying relief from the judgment," is applicable. *East v. Hedges*, 125 Ariz. 188, 608 P.2d 327 (App.1980).

■ In *Manny v. Estate of Anderson*, supra, disputing coverage did not preclude the insurer from pursuing Rule 60(c) relief. No reasoning in appellants' argument persuades us that an insurer must concede a contested coverage question to protect itself from liability for a quarter million dollar judgment. We believe sound reasoning is to the contrary. We hold that an insurer may move to set aside a judgment under the Rule even though it contests its ultimate liability to pay any judgment entered.

### 2. "Defect" in the Party

■ This argument is frivolous. Appellants argue that since various pleadings in the case designate Travelers as: "The Travelers Companies," "The Travelers Insurance Company," and the "Travelers Indemnity Co.," there is a defect in the party seeking relief. Travelers argues this is not an issue because the parties agreed on what issues were contested in the trial court. Although the trial judge ordered the parties to agree on what issues were contested, the record does not contain any such agreement by appellants. In any event, we dispose of the issue by noting that counsel for Travelers stipulated he represented the insured. We further observe that within 10 days after the judgment was entered counsel for appellants wrote Travelers Insurance Company at a Tucson address, referring to the insurance policy by number and demanding payment, and that this letter was acknowledged twice by the addressee.

### 3. Notice

■ The trial court impliedly found that Harlan was not the agent of Travelers for the purpose of receiving notice of the service of the summons and complaint. Appellants claim no other "notice" to Travelers.

The contract between Harlan and Travelers was an exhibit admitted at the hearing on Travelers' motion and is before us on appeal. It provides, in part:

"2. The agent has full power and authority to solicit applications or proposals

for insurance, and to bind the Company and issue policies, for such classes of risks as the Company from time to time may authorize; to countersign policies of insurance, renewal receipts, certificates and endorsements pertaining to such classes of risks; and to collect, receive, and receipt for premiums on such insurance, except for premiums which the Company bills directly.

.    .    .    .    .

6. Except as specifically authorized by the Company, the Agent has no authority to make, alter, vary or discharge any policy contract, to extend the time for payment of premiums, to waive or extend any policy obligation or condition, to incur any liability in behalf of the Company, or to insert any advertisement respecting the Company in any publication."

The insurance policy issued to Lewis is not a part of the record and there is no indication that it was before the trial court.

We agree with the apparent conclusion of the trial court that the written contract contains no delegation of authority to Harlan to accept notice, on behalf of Travelers, of the service of a complaint on an insured. Absent such express agency, the determination of whether the agent has implied, apparent, or other authority must be based on facts developed in the trial court. Although there are cases in which notice to an insurance agent has been held to be notice to the company, each case is decided on its own facts. For example, in *American Home Assurance Co. v. City of Granite City*, 59 Ill.App.3d 656, 16 Ill.Dec. 862, 375 N.E.2d 969 (1978), the agent testified that he always received claims from the policy holder and forwarded them to the company and the company claims supervisor admitted that the bulk of claims he received were submitted by the selling agent. And in *Pringle v. Aetna Life Ins. Co.*, 123 Mo.App. 710, 101 S.W. 130 (1907), the evidence revealed a business custom whereby the agent's authority was enlarged so that he was the proper person to whom notice of summons could be delivered for effective notice to the company. *See also* 8 Appleman, *Insurance Law and Practice*, § 4736.

In the instant case there are no facts in the record before us from which the trial court could find that the agent's authority was such that its notice of the commencement of a lawsuit was notice to the company.

Again we observe that the attorney retained by Lewis testified at the hearing on the motion. He was the same attorney whose affidavit, furnished before that hearing, acknowledged the lack of Harlan's authority reference coverage. We also note again that appellants' counsel had no difficulty in notifying the insurer once the judgment was obtained. On this record we must accept the finding of the trial court.

### 4. *Figueiredo Judgment*

The trial court set aside the judgment against Figueiredo, but refused to set aside the default entered September 17, 1977, after he failed to answer. Travelers does not contest the refusal to set aside the default. Appellants argue that there is no Rule 60(c) justification to set aside the judgment. No additional reasons are urged in support of this argument. Travelers had no notice of the complaint against either Lewis or Figueiredo. As we have noted, this lack of notice provides adequate grounds for Rule 60(c) relief if coupled with a meritorious defense.

The trial judge who granted the motion to set aside the judgments heard the trial which resulted in the $250,000 award. There is likewise no transcript of that trial. Although Travelers concedes that the Kellners sustained serious damage, the same judge nevertheless found that the judgment should be set aside. That judge was in the best position to determine if the amount of damages awarded was such that Travelers should be entitled to defend. We conclude that he found, pursuant to *Mayhew v. McDougall*, supra, that the amount of damages should be determined in a contested trial where all parties have an opportunity

to present evidence, examine witnesses and argue.

Affirmed.

HATHAWAY, C. J., and HOWARD, J., concur.