656 P.2d 1244

Rudolfo GONZALEZ–BURGUENO,
Plaintiff/Appellee,

v.

NATIONAL INDEMNITY COMPANY, for itself and acting for The Esquire for Men, Inc., a corporation; Esquire Labs of Arizona, Inc., a corporation; Sol Behar and Elaine Behar, husband and wife; and Sol Behar and Elaine Behar, husband and wife, dba "The Esquire for Men"; Daniel Singer and Paula Singer, husband and wife, Defendants/Appellants,

and

The Esquire For Men, Inc., a corporation; Esquire Labs of Arizona, Inc., a corporation; Sol Behar and Elaine Behar, husband and wife; and Sol Behar and Elaine Behar, husband and wife, dba "The Esquire for Men"; Daniel Singer and Paula Singer, husband and wife, Defendants/Appellees.

No. 2 CA–CIV 4296.

Court of Appeals of Arizona,
Division 2.

June 23, 1982.

Rehearing Denied Sept. 27, 1982.

Review Denied Nov. 2, 1982.

DeConcini, McDonald, Brammer, Yetwin & Lacey, P.C. by David C. Anson, Tucson, for plaintiff/appellee.

Renaud, Cook & Videan, P.A. by Robert M. Geiger and J. Gordon Cook, Phoenix, for defendant/appellant Nat. Indem. Co.

Fish, Briney, Duffield, Miller, Young & Adamson, P.C. by Arthur H. Miller, Tucson, for defendant/appellant Nat. Indem. acting for The Esquire for Men, etc.

D'Antonio & D'Antonio, P.C. by Gregory D. D'Antonio and Patricia A. Ihnat, Tucson, for defendants/appellees The Esquire for Men, etc.

## OPINION

BIRDSALL, Judge.

This appeal arises from the trial court's denial of National Indemnity Company's motion to intervene in the underlying tort action wherein Rudolfo Gonzalez-Burgueno is the plaintiff and The Esquire for Men, Inc., et al., are defendants. The trial court also denied a motion to set aside a judgment for $200,000 entered against the defendants and in favor of the plaintiff. That motion was filed by attorney Arthur Miller for National Indemnity but in the name of the defendants The Esquire for Men, Behar and Singer. This appeal is also from the denial of that motion.

This case is a companion to the consolidated cases involved in our opinion in *Salvatierra, et al. v. National Indemnity Company,* 133 Ariz. 16, 648 P.2d 131 (1982). Our review of this record discloses significant differences which permit us to reach a different result than we did in *Salvatierra* and affirm.

The Burgueno complaint was filed April 18, 1980. Although that complaint, and the first and second amended complaints that followed, contained no allegations of actionable conduct substantially different from those of the other dozen complaints, National learned of the barbershop risk from other sources long before filing its motion to intervene in the instant case. As noted in *Salvatierra,* on or about February, 1981, it learned of the language in the judgments. In March it offered to defend the cases, including Burgueno. That this offer was not accepted is of no consequence in this appeal, since National could still have moved to intervene as it subsequently did in July. By that time judgment had been entered. National does not dispute that it had notice of the *Burgueno* case, nor that it knew the case had not gone to judgment when it filed its motion to intervene in the other cases. National infers that it should have been told of the "trial" date set in *Burgueno.* No court rule provides for notice to a non-party. It may be that the defendants who claim to be insureds of National had some duty to give notice. We

do not decide that question here since its resolution has no bearing on the right of National to intervene.

National presents two issues on appeal:

1) Does an insurer have the right to defend its insured from a claim against its insured while contesting, in a separate action, claims by its insured for attorney fees and for coverage concerning other claims?

2) Does an insurer that has offered to defend its insureds from a risk of harm prior to its insureds' allowing a judgment to be entered against them, have the right to intervene to set aside the judgment, if there is ever to be a claim of coverage for that risk?

■ We agree with the proposition stated in the first issue, i.e., an insurer does have the right to defend a claim against its insured even though it is contesting coverage, *Kellner v. Lewis,* 130 Ariz. 465, 636 P.2d 1247 (App.1981), but that does not, ipso facto, entitle National to intervene *at any time* in the underlying action. As we recognized in *Salvatierra,* a motion to intervene after judgment is timely only in extraordinary and unusual circumstances. *State Farm Mutual Automobile Insurance Company v. Paynter,* 118 Ariz. 470, 577 P.2d 1089 (App.1978). We found such circumstances in *Salvatierra* because National never had notice of the barbershop risk until those cases had gone to judgment. In the instant case National had notice of that risk some five months prior to seeking to intervene.

■ Likewise, National is not entitled to relief on appeal because of the second issue presented. We have already recognized that National had a right to intervene in this action if its motion had been timely. The fact that National offered to defend when it learned of the risk does not give it the right to wait until the case has gone to judgment before attempting to intervene. No case cited to us so holds. It may be, as National argues, that the barbershop, having refused the offer to defend, has no coverage. We need not decide that ques-

tion since it is not before us. The trial court's denial of the motion to intervene does not mean that there is or is not coverage.

 Turning now to the appeal filed by attorney Miller on behalf of the defendants, Esquire for Men (the barbershop) Behar and Singer, we hold that the trial court properly denied the motion to set aside the judgment. Miller was acting on behalf of National. He did not, and does not, represent those defendants. The very purpose of the motion to intervene, which we have already considered, was to permit National to move to set aside the judgment. National cannot achieve the standing denied to it by intervention through the pretext of claiming the right to have counsel represent the defendants. National's offer to defend was refused. Its motion to intervene was untimely. As we have observed, we do not decide the question of coverage. That question is left for the trial court in the declaratory judgment and/or other actions which may still be pursued in the trial court.

The authorities cited by Miller do not support the proposition urged, that is, that the liability insurer may act on behalf of the insured, under the facts of this case. Neither *Kellner v. Lewis, supra,* nor *Koven v. Saberdyne Systems, Inc.,* 128 Ariz. 318, 625 P.2d 907 (App.1980) involved an insurer attempting to represent an insured where it had been denied the right to intervene in the action. In both cases the insurance company was a party in the lower court proceeding. *Kellner* involved two defendants, one of whom was represented by counsel (Lewis) and one who was not (Figueiredo). A judgment had been entered against Lewis by reason of a Crites-Damron agreement such as existed in the instant case. The judgment was also against Figueiredo, by default. The Travelers Insurance Companies, who may have provided coverage, first learned of the claim after these judgments were entered. Its motion to set aside the judgments filed in its own name was granted. This court affirmed that decision. Our opinion does not discuss the question presented here.

*Koven* also involved a default judgment like the judgment against Figueiredo in *Kellner.* No one had appeared for the defendant and the issue on appeal was the service of process on the defendant. The case does not support the proposition that a liability carrier may represent its insured when it has been denied intervention and its insured has refused its tender of defense.

Affirmed.

HOWARD, C.J., and HATHAWAY, J., concur.