762 P.2d 645

**Patricia K. ANDERSON, surviving widow, individually, and on behalf of Carrol Christopher Anderson, Corey Scott Anderson, Aimee Ann Marie Anderson, minor surviving children, and Helen Anderson, a widow, surviving parent of Carrol Bruce Anderson, deceased, Plaintiffs–Appellees,**

v.

**Pete Lopez MARTINEZ; Lupe Lopez Martinez, Defendants–Appellants,**

**Farmers Insurance Company of Arizona, Intervenor–Appellant.**

**No. 1 CA–CIV 9587.**

Court of Appeals of Arizona,
Division 1, Department C.

Sept. 29, 1988.

Dake, Hathaway & Swan by Milton W. Hathaway, Jr., Phoenix, for defendant-appellant Pete Lopez Martinez.

Holloway & Thomas, P.C. by Paul W. Holloway, Nicholas E. Vakula, Phoenix, for defendant-appellant Lupe Lopez Martinez.

Campana, Vieh & Strohm, P.C. by William F. Shore, III and James E. Vieh, Phoenix, for intervenor-appellant Farmers Ins.

## OPINION

SHELLEY, Presiding Judge.

This appeal arises from a tort motor vehicle case in which the plaintiffs and defendants stipulated to defendants' liability by means of a covenant not to execute against the defendants' personal assets. Following a hearing on damages at which defendants neither presented evidence nor cross-examined witnesses, judgment was entered in favor of plaintiffs for $3.9 million.

■ This appeal is brought by defendants' insurance company, Farmers Insurance Company of Arizona (Farmers), from the trial court's denial of its motion to intervene and from the judgment. A proposed intervenor may appeal from the order denying its motion to intervene and from the judgment entered in its absence. If the order is reversed, the entire judgment will be reversed. *McGough v. Ins. Co. of North America*, 143 Ariz. 26, 30, 691 P.2d 738, 742 (App.1984). *See also United States Fidelity and Guaranty Company v. Alfalfa Seed and Lumber Co.*, 38 Ariz. 70, 76–77, 297 P. 868, 870–71 (1931).

We conclude that the trial court erred in not permitting Farmers to intervene in the underlying wrongful death and personal injury actions. Accordingly, we reverse the judgment.

## FACTS AND PROCEDURAL HISTORY

On January 18, 1985, Carrol Anderson died, and his son, Chris Anderson, was injured after they were struck by a truck owned by Lupe Martinez, and driven by her son, Pete Lopez Martinez.

Langerman, Begam, Lewis & Marks by Neil J. Harrington, Phoenix, for plaintiffs-appellees Anderson.

Patricia K. Anderson, Carrol Anderson's widow, filed a wrongful death action against the defendants Martinez on behalf of herself and her children, and also filed a personal injury claim on behalf of her minor son, Chris Anderson. Helen Anderson, decedent's mother, was also a plaintiff in the wrongful death action.

Farmers provided separate defense counsel for each defendant. It also offered to settle the Andersons' claim for the policy limits of $30,000 under the insurance policy covering the vehicle involved in the accident. In exchange, Farmers requested a release in full of all claims against both Lupe Martinez and Pete Martinez.

In response to Farmers' offer, Andersons' counsel stated that he had no objection to settling with Pete Martinez for the policy limits but did not intend to discharge Lupe Martinez because he intended to submit an uninsured motorist claim for the negligent entrustment of the vehicle.

During discovery, the Andersons learned that Lupe Martinez had a second policy with Farmers for another vehicle which was not involved in the accident. Farmers contended that it had no liability pursuant to the second policy and filed a declaratory judgment action with respect to that policy. Judgment in favor of Farmers was entered in the declaratory judgment action during the pendency of the appeal and a separate appeal from that judgment has been filed.

The Andersons entered into an agreement with the defendants Martinez which was structured as a *Damron*[1] agreement. The defendants Martinez stipulated that judgment could be entered in an amount to be determined by the court, and the agreement further stated:

> The parties further relate that they have each had the advice of counsel and that they have concluded, with the advice of counsel, that the amount of $3.9 million will compensate Andersons for the damages which they have sustained and will sustain as a result of the death of their husband, father and son, Carroll Bruce Anderson, and the severe and permanent injury suffered by CARROLL CHRISTOPHER ANDERSON in the accident that is the subject matter of C 557981.

The Andersons agreed not to execute against the defendant Martinez' personal assets but only against their insurance carrier. In addition, the defendants Martinez assigned to the Andersons any claim which they had or might have for bad faith against Farmers and agreed to cooperate with the Andersons in any proceedings to assert the claim.

During the time period in which the *Damron* agreement was being negotiated, but prior to its execution, Farmers filed a motion for leave to intervene. This motion was denied.

On January 9, 1987, an evidentiary hearing took place pursuant to stipulation between the Andersons and defendants Martinez for the sole purpose of assessing damages. Farmers was not represented at this hearing and defendants' attorneys did not present any independent evidence on damages nor cross-examine witnesses.

The trial judge expressed the opinion that the judgment he ultimately signed would have no impact upon Farmers.

> THE COURT: Well, I don't think—and I think I stated during the hearing on whether to allow the insurance company to intervene—that the finding of damage in this case is binding in any way on the insurance company's litigation in the bad faith claim. Perhaps having stated this on the record gives the insurance company whatever protection it needs against the plaintiffs' claim that the amount of damage suffered by the plaintiffs by virtue of the bad faith of the insurance company that's alleged, by virtue of

---

1. In *Damron v. Sledge,* 105 Ariz. 151, 460 P.2d 997 (1969), an insurance company refused to defend the insured in a personal injury action resulting from an automobile collision. Prior to trial plaintiff signed a covenant not to execute against the defendant. The defendant assigned to plaintiff whatever claim he had against the insurance company for bad faith in failing to defend. The court held that prejudgment assignments occurring as the result of an insurance company's refusal to defend are valid if the assignment is not collusive, even though executed before judgment is taken against the defendant.

what I have said, it may make that figure impeachable. If you're willing to—I don't see that the damage figure in this case is binding at all on the insurance company, in that I don't think that the plaintiff has got much of a case against the insurance company, that this would be the damage figure that would come out of a hard-fought trial.

Farmers has filed a timely notice of appeal and raises the following issue: whether the trial court committed error by denying Farmers' right to intervene pursuant to either Rule 24(a) or 24(b)(2), Arizona Rules of Civil Procedure.

The Andersons concede that Farmers is entitled to bring this appeal and that under certain circumstances an insurer is entitled to intervene in an underlying action involving one of its insured. However, they contend that the dispositive issues are: (1) whether Farmer forfeited its right to intervene by failing to communicate a reservation of rights to its insured and failing to disclose the existence of the second policy; and (2) assuming Farmers did not forfeit, whether the appeal is premature. Neither defendant filed a brief on appeal.

## RULE 24

■ Rule 24(a), Arizona Rules of Civil Procedure provides:

Intervention of right. Upon timely application anyone shall be permitted to intervene in an action: (1) when a statute confers an unconditional right to intervene; or (2) when the applicant claims an interest relating to the property or transaction which is the subject of the action and the applicant is so situated that the disposition of the action may as a practical matter impair or impede the applicant's ability to protect that interest.

Farmers does not claim a statutorily based right but argues that it could be bound by the collateral estoppel effect of the determination of its insured's liability and of damages of $3.9 million in any future action brought by the Andersons.

An almost identical argument was made by the insurance company in *McGough.* In *McGough* the court found that because col-

lateral estoppel will generally be applied, the insurance company had shown the requisite interest under Rule 24(a) to be entitled to intervention. Likewise, we find that Farmers has demonstrated a right to intervene pursuant to Rule 24(a) and do not consider whether it was entitled to permissive intervention under Rule 24(b).

## FORFEITURE

■ The Andersons contend that Farmers failed to timely disclose the existence of the policy which covered another vehicle owned by Lupe Martinez and failed to issue a reservation of rights to the defendants Martinez. The Andersons equate Farmers' delay in disclosing the second policy and denial of coverage under that policy with a breach of a primary duty to its insured and conclude that Farmers thereby forfeited its right to intervene in this litigation. We disagree.

The Andersons cite *McGough* and *Kepner v. Western Fire Insurance Company,* 109 Ariz. 329, 509 P.2d 222 (1973), for the proposition that an insurer who breaches one of its primary duties to its insured forfeits its right to intervene. The Andersons then identify Farmers' alleged breach of duty as its bad faith in failing to immediately disclose the existence of the second policy and failing to communicate a reservation of rights to the defendants Martinez. The Andersons equate this delay with a misrepresentation pursuant to A.R.S. § 20–461(A)(1). They further cite *United Services Automobile Association v. Morris,* 154 Ariz. 113, 741 P.2d 246 (1987), as authority that the failure to communicate a reservation of rights can be the basis for denial of intervention. *See also Farmers Insurance Company of Arizona v. Vagnozzi,* 138 Ariz. 443, 448, 675 P.2d 703, 708 (1983).

Neither *McGough* nor *Kepner* supports the Andersons' contention that Farmers forfeited its right to intervene by delaying disclosure of a policy or denying coverage under that policy. *McGough* and *Kepner* state that if an insurer refuses to *defend* its insured, the insurer may have waived its

right to intervene in the defense. *See McGough,* 143 Ariz. at 32, 691 P.2d at 744; and *Kepner,* 109 Ariz. at 332, 509 P.2d at 225. It is undisputed that Farmers provided a defense to its insured and to the driver of the car.

■ In *Morris* and *Vagnozzi,* the basis for the conclusion that an insurer's failure to communicate a reservation of rights can result in denial of the right to later litigate damages was the impact that such failure to communicate may have on the insured's ability to settle the litigation. An unconditional defense waives the insurer's right to deny coverage and also precludes the insured from settling without the insurer's consent or be in violation of an insurance policy cooperation clauses. *Morris,* 154 Ariz. at 116, 741 P.2d at 249.

■ In the instant case, Farmers unconditionally acknowledged its duty to provide a defense and tendered its policy limits under the policy insuring the car involved in the accident. It was clearly not defending under a reservation of rights as to the policy on the vehicle involved in the accident. After discovery led the Andersons to make a claim under the policy on another vehicle owned by Lupe Martinez, Farmers denied coverage under that policy. However, Farmers never denied its duty to defend defendants Martinez in the underlying tort litigation.

The record before us is sparse. However, it appears clear that in their negotiations with the Andersons, the defendants Martinez were well informed of Farmers' position with respect to a denial of any claim under the second policy owned by Lupe Martinez. Further, there is nothing to indicate that Farmers asserted or will assert any denial of coverage under the policy on the vehicle involved in the accident on grounds that the defendants Martinez forfeited coverage by entering into the settlement agreement with the Andersons. Farmers simply sought to intervene in its own interests. On the basis of this record, we conclude that Farmers has not committed any acts which would provide a basis for forfeiting its right to intervene.

Assuming *arguendo* that the Andersons were to prevail on their contention that Farmers acted in bad faith by delaying disclosure of the second policy, they have a remedy. They acquired an assignment of tort claims for bad faith from the defendants Martinez. They have cited no authority to establish that they are additionally entitled to prevent the insurer from contesting the issues raised by the Andersons.

## IS THE APPEAL PREMATURE?

■ The Andersons also cite *Morris* for their contention that this appeal is premature.

The issue addressed by the Arizona Supreme Court in *Morris* was identified as follows:

> We granted review to address questions of first impression: May insureds being defended under a reservation of rights enter into a settlement agreement without breaching the duty to cooperate and, if so, is the settlement binding on the insurer?

154 Ariz. at 114, 741 P.2d at 247.

In resolving that issue, the court concluded:

> Finding themselves in a position of economic peril because the insurer had raised the coverage defense, the insureds had the right to make a reasonable, noncollusive settlement to protect themselves. On remand, the insurer is not bound by any factual stipulations and, under *Vagnozzi,* is free to litigate the facts of the coverage defense. If the insurer wins on the coverage issue, it is not liable for any part of the settlement. If it loses, it may or may not be bound by the amount of the judgment taken by Morris against Taylor and Waltz. Morris will have the burden of showing that the judgment was not fraudulent or collusive and was fair and reasonable under the circumstances. If Morris cannot show that the entire amount of the stipulated judgment was reasonable, he may recover only the portion that he proves was reasonable. [Citation omitted.] If he is unable to prove the reasonableness

of any portion of the judgment, USAA will not be bound by the settlement. 154 Ariz. at 121, 741 P.2d at 254.

*Morris* does not address a situation in which an insurer accepts unconditional liability on one policy, denies coverage under a second policy, provides a defense to all defendants, and seeks to intervene. *Morris* does not suggest that an insurance company has no right to intervene, if it requests leave to do so, in the underlying tort proceedings. While *Morris* concludes that an insurer may later challenge a settlement, it does not hold that an insurer *must* wait to litigate the issues.

*Morris* holds that an insurance company must be given an opportunity to contest the reasonableness of the settlement between its insured and the plaintiffs and whether or not it was fraudulent or collusive. In the instant case it would serve the purpose of judicial economy to permit the insurer to take this opportunity when all of the parties are involved and can present evidence to the court on the issue at one hearing.

## CONCLUSION

We conclude that the trial court committed error in denying Farmers' motion to intervene. The order denying intervention and the judgment are reversed. This case is remanded to the trial court with directions to grant Farmers' motion to intervene and to conduct further proceedings in accordance with this decision.

BROOKS and GRANT, JJ., concur.