765 P.2d 116

**WINNER ENTERPRISES, LTD., an Arizona corporation, Petitioner,**

v.

**SUPERIOR COURT of the State of Arizona, In and For the COUNTY OF YAVAPAI, the Honorable James Hancock, a judge thereof, Respondent Judge.**

**PONDEROSA CAR WASH, INC., an Arizona corporation; Bennett Oil Company, an Arizona corporation; City of Prescott, a municipal corporation; Mark Marchus, Building Inspector, City of Prescott; Rhoda Chapman, Director, Planning & Zoning Commission, City of Prescott, Real Parties in Interest.**

**No. 1 CA–SA 88–176.**

Court of Appeals of Arizona,
Division 1, Department B.

Nov. 22, 1988.

Favour, Weaver, Moore, Wilhelmsen & Schuyler by Raymond W. Weaver, Jr. and Lance B. Payette, Prescott, for petitioner.

Toci, Murphy, Lutey & Beck by Philip E. Toci and James C. Lerch, Prescott, for real party in interest Ponderosa.

### OPINION

JACOBSON, Judge.

This special action arises out of the trial court's denial of Winner Enterprise's (Winner) motion to intervene as a party respondent in *Ponderosa Car Wash, Inc. v. City of Prescott,* Yavapai County Superior cause no. 50811. Winner claims it is the real party in interest and as such is entitled to intervene as a matter of right, pursuant to Rule 24(a)(2), Arizona Rules of Civil Procedure. Respondent real party in interest, Ponderosa Car Wash, Inc. (Ponderosa), does not contest Winner's interest in the litigation, but claims the application for intervention was untimely and that Winner's interest was adequately represented by Bennett Oil Company (Bennett).

### I. FACTS

The facts necessary to resolve this special action are undisputed. On June 22, 1988, Bennett applied to the City of Prescott (City) for a permit to build a full-service car wash on property Bennett owned. Bennett and Winner had previously entered into an agreement whereby Winner would lease the improvements Bennett proposed to build, specifically, a full-service car wash, and Bennett would grant Winner an option to purchase the property and improvements during the lease term.

The City denied the building permit application on the basis that the zoning code authorized only self-service or coin operated car washes at that location. On June 28, 1988, Bennett appealed this decision to the Board of Adjustment (Board). The Board scheduled a hearing for July 21, 1988. While the matter was pending be-

fore the Board, Bennett revised its plans to specify that the car wash would be coin-operated and resubmitted its application. The City approved the revised plans and issued a building permit on July 14. Bennett immediately commenced construction. On July 20, 1988, Ponderosa, which owns and operates a car wash in the vicinity of Bennett's property, appealed the City's issuance of Bennett's permit to the Board and, at the same time, filed a special action petition in Yavapai Superior Court.[1] Ponderosa claimed that A.R.S. § 9–462.06(E) prohibited the City from acting on Bennett's resubmission while an appeal was pending on Bennett's original application. Accordingly, it requested that the court issue a temporary restraining order staying Bennett from continuing the construction of the car wash. On July 21, 1988, the Board of Adjustment rejected Bennett's original application and affirmed the original denial of the permit. On July 29, 1988, the trial court entered a preliminary injunction that enjoined Bennett from continuing construction and enjoined the City from continuing with any proceedings in regard to the matter.

Winner moved to intervene in the superior court action on August 19, 1988, eleven days before the hearing on the permanent injunction. Ponderosa opposed the motion. The other party respondents waived any objections. The court denied the motion on August 25, 1988. Winner then petitioned this court for special action relief, requesting that we stay the proceedings in the trial court. We denied the stay and the trial court heard the matter on August 30, 1988. On August 31, 1988, the trial court made the temporary injunction permanent.

### II. SPECIAL ACTION JURISDICTION

■ An order denying a motion to intervene, either as of right or by permission, is appealable. *Bechtel v. Rose,* 150 Ariz. 68,

1. A.R.S. § 9–462.06(D) provides:
Appeals to the board of adjustment may be taken by persons aggrieved or ... affected by a decision of the zoning administrator, within a reasonable time, by the filing with the zon-ing administrator and with the board a notice of appeal specifying the grounds thereof. The zoning administrator shall immediately transmit all records pertaining to the action appealed from to the board.

71, 722 P.2d 236, 239 (1986). The fact that such a denial to intervene is appealable does not mean, however, that appeal in all instances is an "equally, speedy, or adequate remedy." *Id.*

In this case we note that whether the trial court abused its discretion is a pure issue of law that may be decided without further factual inquiry. *See, e.g., United States v. Superior Court,* 144 Ariz. 265, 281, 697 P.2d 658, 674 (1985). Clearly all parties concerned will be harmed if the action proceeds further and if after appeal we decide the court erred in failing to allow Winner to intervene. We therefore accept jurisdiction to consider whether the trial court erred in refusing Winner the right to intervene.

## III. LEGAL ARGUMENTS

### A. *Rule 24, Arizona Rules of Civil Procedure*

The right of a third party to intervene in an action is controlled by Rule 24, Arizona Rules of Civil Procedure (Arizona Rule). Winner sought to intervene as a matter of right, pursuant to Arizona Rule 24(a)(2), which provides that:

> *24(a) Intervention of right.* Upon timely application, anyone shall be permitted to intervene in an action: ... (2) when the applicant claims an interest relating to the property or transaction which is the subject of the action and the applicant is so situated that the disposition of the action may as a practical matter impair or impede the applicant's ability to protect that interest.[2]

■ Ponderosa opposed intervention, asserting that Winner's interest was adequately represented by Bennett and that the motion was untimely. Ponderosa's "adequacy of representation" argument is based upon Federal Rules of Civil Procedure, Rule 24(a)(2) (Federal Rule).[3] However, Arizona Rule 24(a) differs significantly from the Federal Rule 24(a) in that it omits the final clause of the Federal Rule. We therefore reject Ponderosa's contention that the trial court must consider the adequacy of existing representation when intervention is sought as a matter of right.

■ Although the court should inquire into the nature of an intervenor's interest to determine whether it is sufficient, we need not do so in this case because at the hearing on the motion to intervene, Ponderosa conceded that Winner had a legitimate interest in the action "which allow[ed] them to intervene."[4] Because Winner satisfied both conditions of Rule 24(a)(2), we find it had an absolute right to intervene. Our inquiry is therefore limited to one question: Was the motion to intervene timely? Before we address that issue, however, we must consider two threshold issues the parties have raised.

### B. *Mootness*

■ Ponderosa claims the question of Winner's right to intervene is moot because the trial court has already ruled on the merits of the action. We disagree. An intervenor may appeal from the order denying its motion to intervene *and from the judgment entered in his absence. Anderson v. Martinez,* 158 Ariz. 358, 762 P.2d 645 (App.1988) (emphasis added). If the trial court has improperly denied the motion, it may reverse the judgment and order a new trial. *Id.* (citing *McGough v. Insurance Co. of North America,* 143

---

**2.** Permissive intervention is controlled by Rule 24(b), Arizona Rules of Civil Procedure.

**3.** Federal Rule 24(a)(2) provides, in pertinent part:

> ... when the applicant claims an interest relating to the property or transaction which is the subject of the action and the applicant is so situated that the disposition of the action may as a practical matter impair or impede the applicant's ability to protect that interest, *unless the applicant's interest is adequately represented by existing parties.*

Rule 24, Federal Rules of Civil Procedure (emphasis added).

Contrary to Ponderosa's assertion, Arizona has not adopted the federal test for intervention as of right in *Bechtel v. Rose,* 150 Ariz. 68, 722 P.2d 236 (1986). In that case petitioner sought intervention under Rule 24(b) of the Arizona Rules of Civil Procedure, not Rule 24(a). *Id.* at 72, 722 P.2d at 240.

**4.** The dissent seems to ignore this concession.

Ariz. 26, 30, 691 P.2d 738, 742 (App.1984); *Hill v. Alfalfa Seed and Lumber Co.*, 38 Ariz. 70, 76–77, 297 P. 868, 870–71 (1931)). Winner may seek review of the order to intervene even though the trial court has entered a judgment in the action; therefore, the trial court's action has not mooted the issue.

### C. *Intervention as of Right in a Special Action*

Winner claims at the August 26, 1988, hearing on Winner's application for an interlocutory stay, this court suggested that Rule 2(b), Arizona Rules of Procedure for Special Action, may abrogate intervention as of right in a special action. We do not address this issue because it was not raised in the trial court.

### D. *Timeliness*

■ The requirement of timeliness is a flexible one and normally ascertaining its existence is to be left to the sound discretion of the trial court. *State Farm Mut. Auto. Ins. Co. v. Paynter*, 118 Ariz. 470, 471, 577 P.2d 1089, 1090 (App.1978); *see also*, 7C Wright, Miller & Kane, *Federal Practice and Procedure* § 1916 at 422 (1986). The court's decision regarding the timeliness of an application for intervention will be disturbed only upon a showing of clear abuse of discretion. *Paynter*, 118 Ariz. at 471, 577 P.2d at 1090. In ruling on a motion to intervene the court should consider the stage at which the action has progressed before intervention is sought and whether the applicant was in a position to seek intervention at an earlier stage of the proceedings. *Id.* Moreover, "[t]he most important consideration in deciding whether a motion is untimely is whether the delay in moving for intervention will prejudice the existing parties to the case." 7C Wright, Miller & Kane, *supra*, at 435.

The time frame in the trial court was extremely compressed. Ponderosa filed its special action petition on July 20, 1988. On July 29, 1988, the trial court entered its preliminary injunction. Twenty-one days later, on August 19, 1988, Winner moved to intervene, but did not seek a continuance,

stating that it was ready for trial on the date set, and that the other parties would not be prejudiced at all by its intervention. We agree that intervention would not have caused prejudice. Because an intervenor of right may be seriously harmed if not permitted to intervene, the court should be reluctant to dismiss a request for intervention as untimely. *See* 7C Wright, Miller & Kane, *supra*, at 424. The court should be cognizant that the requirement of timeliness is not of fixed meaning. *Id.* § 1902 at 232. The court should look to the practical situation and the effect allowing intervention would have on the economical disposition of judicial business. *Id.* Winner acted in a timely fashion under the circumstances of this case. None of the parties to the action would have been prejudiced by Winner's intervention.

## IV. CONCLUSION

We hold the trial court erred in denying Winner's motion to intervene. We therefore remand this matter to the trial court with directions to grant Winner's motion to intervene in the trial court's special action proceedings.

FIDEL, P.J., concurs.

EUBANK, Judge, dissenting:

I dissent.

The record shows that the landowner, Bennett, executed an agreement with the petitioner on June 2, 1988, to build a full service car wash on its property and then to lease the car wash to the petitioner for a 40–year term, with an option to purchase. In the agreement, Bennett warranted to defend the title to the leased premises, and covenanted to obtain a temporary or permanent certificate of occupancy of the leased premises for a car wash from the City of Prescott. In the event Bennett is unsuccessful, petitioner has the right to terminate the agreement. The agreement also provides that the lease does not commence to run prior to the completion of the building *and* the procurement of the necessary permits from the City. Thus if there is no permit, there is no lease.

These are express conditions precedent and the obligation to perform is on Bennett not on the petitioner. Thus, from my view, Bennett is the real party in interest under the agreement at the point in time when this issue was before the trial judge. Under this agreement Rule 24(b), Arizona Rules of Civil Procedure (permissive intervention) would apply, and in my opinion the trial court did not abuse its discretion in denying the intervention of the petitioner under this agreement.

I also disagree on the timeliness issue. The agreement was signed on June 2, 1988; Bennett applied for the permit on June 22; it was denied, and on June 28, Bennett took an appeal to the City Board of Adjustments. While pending a hearing, Bennett revised its original plan from a full service car wash to a coin operated car wash, and on July 15, the City approved this permit. On July 20 Ponderosa, a neighboring car wash, appealed the permit to the Board of Adjustments and brought a special action in the superior court regarding the revised plan. On July 21, 1988, the Board of Adjustments rejected Bennett's original application and affirmed the original denial of the permit. On July 29, 1988, the trial court, in the special action, enjoined Bennett and the City. Petitioner moved to intervene on August 19, 1988, eleven days before the hearing on the injunction. The hearing on the motion was held on August 24, 1988, six days before the hearing, and was denied by the court the next day. Winner petitioned this court for special action relief, based on the denial of intervention, and a stay of proceedings, which we denied on August 30, 1988. The following day the trial court made the temporary injunction permanent. The record, such as we have, indicates petitioner testified at the preliminary injunction hearing on July 26, 1988, and that his attorneys were present as observers. However, petitioner waited until August 19, 1988, eleven days before the hearing, to move to intervene. Based on these circumstances, I cannot find that the trial judge abused his discretion in denying intervention as untimely. Rule 24(b), Arizona Rules of Civil Procedure.