996 P.2d 116

**Jose Luis MORA and Esperanza Mora, husband and wife, Plaintiffs–Appellees,**

v.

**PHOENIX INDEMNITY INSURANCE COMPANY, Intervenor–Appellant.**

No. 1 CA–CV 98–0521.

Court of Appeals of Arizona, Division 1, Department A.

Aug. 31, 1999.

Review Denied March 14, 2000.

---

Gallagher & Kennedy, P.A. by Jeffrey T. Pyburn and Brett D. Wallace, Phoenix, Attorneys for Plaintiffs–Appellees.

Beale & Micheaels by John A. Micheaels, Phoenix, and Clark & Associates by A. James Clark and Heather D. Moore, Yuma, Attorneys for Defendant–Appellant.

## OPINION

BERCH, Presiding Judge.

¶1 Phoenix Indemnity Insurance Company ("Phoenix Indemnity") appeals the trial

court's denial of its motion to intervene in a damages hearing held to determine the extent of its insured's liability for an automobile accident in which Plaintiff Jose Luis Mora was injured.

## BACKGROUND

¶ 2 On March 7, 1996, Jose Luis Mora was seriously injured in an automobile accident in Yuma, Arizona. Mora's injuries included a broken leg and broken ribs, and his spine was fractured in two places. He also suffered nerve damage in his right hand and arm. The other vehicle, owned by Moises Vallejo, was driven (with permission) by Alejandrina Gutierrez. Vallejo's vehicle was insured under a $15,000 automobile liability policy issued by Phoenix Indemnity.

¶ 3 The parties dispute the cause of the accident. Mora alleges that Gutierrez ran a stop sign at an intersection and collided with his car. A witness and the police report support Mora's version of events. However, based upon its accident reconstruction expert's report, Phoenix Indemnity asserts that Mora ran a stop sign and was therefore at fault.

¶ 4 On December 17, 1996, approximately eight months after the accident occurred, Mora sent his first demand letter to Phoenix Indemnity's local claims adjuster, notifying the company that he was making a claim under Vallejo's policy, demanding the policy limits, and allowing ten days for a response. On January 2, 1997, Mora wrote a second letter to the local adjuster enclosing a copy of the accident report, which he had not attached to the December 17 letter. Although the demand period on the December 17 letter had expired, Mora sent a third letter to Phoenix Indemnity's claims department on January 7, 1997. In his January 7 letter, Mora enclosed copies of his previous letters to the local adjuster and copies of his medical records, and again demanded a response within ten days of the date of his letter.

¶ 5 On January 15, 1997, Phoenix Indemnity issued a check to Mr. and Mrs. Mora. However, a clerk noticed that Mrs. Mora's name was spelled incorrectly, so the check was not mailed on that date, but was held for reissue. On January 20, 1997, Phoenix Indemnity wrote a second check to Mora, which Mora acknowledges receiving on January 23, 1997. He refused the check, however, because he did not receive it before his self-imposed deadline of January 17.

¶ 6 One week later, Mora filed a complaint against Gutierrez and Vallejo. Phoenix Indemnity did not deny coverage or reserve its rights to deny coverage under the policy, and promptly retained an attorney to defend Gutierrez and Vallejo in the lawsuit.

¶ 7 In June 1997, Gutierrez and Mora entered into a settlement agreement, in which Mora agreed not to execute judgment against Gutierrez, and Gutierrez agreed to allow a default judgment to be entered against her, waived her right to seek relief from the default judgment, and assigned her claim against Phoenix Indemnity to Mora. Gutierrez also agreed to allow the trial court to determine the damages at a separate hearing and waived her right to notice of the hearing and her right to participate in the hearing.

¶ 8 In May 1998, well before the damages hearing date, Phoenix Indemnity moved to intervene in and be heard at the damages hearing as of right, pursuant to Rule 24(a), Arizona Rules of Civil Procedure. The trial court denied the motion, ruling that Phoenix Indemnity had breached the insurance contract and forfeited the right to be heard on the issue of damages by failing to treat its insured's interests in settlement as it would treat its own—in insurance parlance, it failed to treat the insured's interests with "equal consideration."

¶ 9 Phoenix Indemnity filed a motion for reconsideration, attaching for the first time the affidavit of its accident reconstruction expert, and arguing that it did not act in bad faith in failing to meet Mora's settlement deadline. The trial court denied the motion for reconsideration, and Phoenix Indemnity timely appealed.

## DISCUSSION

¶ 10 Phoenix Indemnity raises one issue on appeal: Whether the trial court erred in ruling that Phoenix Indemnity forfeited its

right to intervene and participate in the damages hearing by breaching its duty to treat its insured's interest in the settlement offer with equal consideration.

## I. *Intervention as of Right*

¶ 11 In certain circumstances, a non-party to a suit has a right to intervene in the action:

> Intervention of Right.   Upon timely application anyone shall be permitted to intervene in an action: (1) when a statute confers an unconditional right to intervene; or (2) when the applicant claims an interest relating to the property or transaction which is the subject of the action and the applicant is so situated that the disposition of the action may as a practical matter impair or impede the applicant's ability to protect that interest, unless the applicant's interest is adequately represented by existing parties.

Ariz. R. Civ. P. 24(a).   Phoenix Indemnity asserts that it had a right to intervene because, in a future action against it by the Moras, it could be bound by the collateral estoppel effect of the court's determination of its insured's liability and the amount of damages.   Arizona courts repeatedly have recognized that, because collateral estoppel generally will apply, the insurance company has the "requisite interest under Rule 24(a) to be entitled to intervention." *Anderson v. Martinez,* 158 Ariz. 358, 361, 762 P.2d 645, 648 (App.1988) (citing *McGough v. Insurance Co. of N. Am.,* 143 Ariz. 26, 691 P.2d 738 (App. 1984)).[1]   In fact, Mora does not dispute that Rule 24(a) provides Phoenix Indemnity a right to intervene and that Phoenix Indemnity timely filed its application to intervene. Mora claims instead that Phoenix Indemnity

has forfeited the right to intervene by breaching the duty implied in the insurance contract to give due consideration to settlement offers.

## II.   *Forfeiture of the Right to Intervene*

■   ¶ 12 Mora does not contend that Phoenix Indemnity refused to provide a defense for Gutierrez or that it denied coverage under the policy.   Indeed, he concedes that the insurer tendered its policy limits.   Thus, we must determine only whether Phoenix Indemnity has forfeited its right to intervene in the damages hearing between its insured and the plaintiff by failing to issue a check to Mora within the time limit set forth in Mora's demand letter, thereby breaching its duty to give equal consideration to the settlement offer.

¶ 13 The parties have cited, and we have found, no cases directly addressing whether an insurer who breaches the duty to give equal consideration is entitled to intervene in the litigation between the insured and the plaintiff.[2]   However, related cases suggest, and we now hold, that such a breach does not necessarily forfeit the insurer's right to intervene.

■   ¶ 14 Relying on *McGough* and *Kepner v. Western Fire Insurance Co.,* 109 Ariz. 329, 509 P.2d 222 (1973), Mora first claims that an insurer that breaches any aspect of its contract with the insured forfeits its right to intervene.[3]   This same claim was made in *Anderson,* 158 Ariz. at 361, 762 P.2d at 648. There the plaintiff argued, as does Mora, that *McGough* and *Kepner* stand for the proposition that "an insurer who breaches one of its primary duties to its insured forfeits its right to intervene." *Id.* We observed

1.   Since *Anderson* was decided, Rule 24(a) has been amended, adding the final clause, "unless the applicant's interest is adequately represented by existing parties."   Phoenix Indemnity asserts that its interest was not and could not be adequately represented by either Mora or Gutierrez. Mora does not contest this assertion, and we assume, without deciding, that it is true for purposes of this appeal.

2.   *Cf. Anderson v. Martinez,* 158 Ariz. at 362, 762 P.2d at 649 (discussing issue in dicta); *see infra,* at ¶ 22.   We have not been asked to review the trial court's determination that Phoenix Indemni-

ty breached its duty; therefore, for purposes of this appeal we assume that the trial court ruled correctly on this issue.

3.   Mora claims that Phoenix Indemnity conceded, before the trial court, that *any* breach of the contract by the insurer results in a forfeiture of the right to intervene.   Our review of the record did not reveal such a concession, but even if it had, we would not be bound by the parties' agreements as to the interpretation of the law. *See Word v. Motorola, Inc.,* 135 Ariz. 517, 520, 662 P.2d 1024, 1027 (1983).

in *Anderson,* and we still agree, that *McGough* and *Kepner* state only that an insured forfeits its right to intervene if it breaches its duty to defend. *See id.* at 361–62, 762 P.2d at 648–49; *see also Kepner,* 109 Ariz. at 332, 509 P.2d at 225; *McGough,* 143 Ariz. at 32, 691 P.2d at 744.

¶ 15 Mora next argues that because a breach of the duty to defend and a breach of the duty to give equal consideration both free an insured from its duty to cooperate, "a breach of the duty of equal consideration is tantamount to a breach of the duty to defend and likewise results in forfeiture." For the reasons that follow, we disagree.

¶ 16 In general, an insurer owes two express duties to its insured: the duty to indemnify and the duty to defend the insured. *See Lloyd v. State Farm Mut. Auto. Ins. Co.,* 189 Ariz. 369, 376, 943 P.2d 729, 736 (App.1996). In addition, several Arizona cases have recognized a third, implied duty: the duty to treat settlement offers with equal consideration. *See, e.g., Arizona Property and Cas. Ins. Guar. Fund v. Helme,* 153 Ariz. 129, 137, 735 P.2d 451, 459 (1987); *State Farm Mut. Auto. Ins. Co. v. Peaton,* 168 Ariz. 184, 195, 812 P.2d 1002, 1014 (App. 1990). That duty is an aspect of the implied covenant of good faith and fair dealing. *See Hartford Acc. & Indem. Co. v. Aetna Cas. & Surety Co.,* 164 Ariz. 286, 289, 792 P.2d 749, 752 (1990) ("It is settled law in Arizona, based on a covenant of good faith and fair dealing, that an insurance company owes its insured a duty of good faith in deciding whether to accept or reject settlement offers."); *Trus Joist Corp. v. Safeco Ins. Co. of Am.,* 153 Ariz. 95, 102, 735 P.2d 125, 132 (App.1986) ("[W]here an insurer fails to give equal consideration to its insured's interests by placing its own interests before those of its insured, it is guilty of bad faith."); *see also* RAJI (Civil) 3d, Bad Faith 8 (Third–Party) (1997).[4]

¶ 17 Our cases have long recognized that if the insurer breaches a contractual duty to defend or indemnify, the insured is relieved, at least partially, of its duty to cooperate with the insurer and may protect its interests by entering a settlement with the injured party. *See Holt v. Utica Mut. Ins. Co.,* 157 Ariz. 477, 483, 759 P.2d 623, 629 (1988); *Helme,* 153 Ariz. at 137, 735 P.2d at 459; *Damron v. Sledge,* 105 Ariz. 151, 153, 460 P.2d 997, 999 (1969); *McGough,* 143 Ariz. at 31, 691 P.2d at 743. Some breaches are deemed so substantial and so antithetical to the essential purpose of the insurance contract that, if committed, they forfeit an insurer's right to appear and be heard at the damages hearing. For example, if an insurer abandons or wrongfully refuses to provide a defense to its insured, it forfeits its right to intervene. *See Anderson,* 158 Ariz. at 361–62, 762 P.2d at 648–49; *McGough,* 143 Ariz. at 30–31, 691 P.2d at 742–43. If, however, the insurer defends the insured but reserves its right to later contest coverage, the insurer may retain its right to be heard on the reasonableness of the settlement. *See H.B.H. v. State Farm Fire & Cas. Co.,* 170 Ariz. 324, 823 P.2d 1332 (App.1991). In *H.B.H.,* State Farm defended under a reservation of rights, an action that freed the insured to enter a settlement agreement to protect its own interests. *See id.* at 325, 823 P.2d at 1333. Nevertheless, the Court held that State Farm was entitled to intervene and participate in the damages hearing pursuant to Rule 24(a). *See id.* at 331, 823 P.2d at 1339. Thus, whether intervention will be allowed turns on whether there was a complete breach of the duty to defend, and not, as Mora suggests, on whether the insured was released from its duty to cooperate with the insurer.

¶ 18 By asserting that it owes no duty to defend its insured, an insurer also implies that it owes no duty to indemnify: the insurer has asserted that the policy does not apply

---

4. The first paragraph of the instruction provides as follows:

There is an implied duty of good faith and fair dealing in every contract. Plaintiff claims that defendant breached this duty. The duty of good faith and fair dealing requires an insurance company to give the same consideration to its insured's interest as it gives to its own when it considers a settlement offer.

We recognize that, although based on case law or statute, the RAJIs are not the law. Nonetheless, they reflect the practicing bar's understanding of the current state of the law.

and it therefore has no interest in the litigation. If the insurer has no interest in the litigation, it follows that no policy reason justifies allowing it to intervene and help determine the outcome of the litigation. *See Damron,* 105 Ariz. at 155, 460 P.2d at 1001 ("If [an insurer] refuses to defend at all, it must accept the risk that an unduly large verdict may result from lack of cross-examination and rebuttal.").

¶ 19 By contrast, if the insurer acknowledges its duty to defend—even if it reserves the right to later contest coverage—it has at least implicitly acknowledged that the policy may provide coverage and that it might be required to indemnify. In that situation, the insurer has an interest in the outcome of the litigation and should be allowed to intervene to protect that interest. Since the insured's interests are adequately protected, there is no need to banish the insurer from a case in which no one else in the litigation is protecting the insurer's interest and in which it indisputably has an interest.

¶ 20 Mora attempts to distinguish *H.B.H.* by arguing that the insurer there was defending under a reservation of rights and, therefore, had not breached the insurance contract. Mora has not claimed, however, that Phoenix Indemnity ever breached the duty to defend in this case. It would be illogical to hold that an insurer that defends under a reservation of rights does not forfeit its right to intervene, but an insurer such as Phoenix Indemnity that provides a complete defense does.

¶ 21 Finally, Mora claims that a breach of the duty of equal consideration constitutes a breach of ·the duty to defend. Mora cites *Holt* in support of this argument. In *Holt,* the court held that the insurer had breached its duty to defend by failing to investigate or negotiate the insured's claim in a timely manner. *See* 157 Ariz. at 482–83, 759 P.2d at 628–29. Mora claims that under *Holt,* "Phoenix Indemnity need not have expressly refused to defend in order for its conduct to constitute a breach of the duty to defend."

*Holt,* however, is easily distinguished because, unlike the insurer there, Phoenix Indemnity has provided its insured with a defense. *See id.* at 479, 759 P.2d at 625.

¶ 22 Mora also cites cases from outside Arizona holding that a breach of the duty of equal consideration is also a breach of the duty to defend. We need not address these cases because our supreme court has already held that the duty of equal consideration is an aspect of the implied covenant of good faith and fair dealing, *see Hartford Acc. & Indem. Co.,* 164 Ariz. at 289, 792 P.2d at 752 (citing *Helme,* 153 Ariz. at 137, 735 P.2d at 459); *see also Trus Joist Corp.,* 153 Ariz. at 102, 735 P.2d at 132. We have considered whether a breach of the duty of good faith and fair dealing results in a forfeiture of the right to intervene and in dicta have opined that it does not. *See Anderson,* 158 Ariz. at 362, 762 P.2d at 649.

¶ 23 Even if we were to hold that a breach of the duty of equal consideration is also a breach of the duty to defend, the six-day delay in payment at issue in this case would be more analogous to a defense under a reservation of rights, for which the right to intervene is not forfeited, than it would be to the total abandonment of the client that triggers the forfeiture of the right to intervene when coverage and defense are refused. *See H.B.H.,* 170 Ariz. at 329, 823 P.2d at 1337 (insurer that defended under reservation of rights did not forfeit right to intervene); *McGough,* 143 Ariz. at 30–31, 691 P.2d at 742–43 (insurer that refused to defend forfeited right to intervene).

¶ 24 In this case, Phoenix Indemnity provided an immediate defense. It did not abandon its insured and thus the rationale behind forfeiture has not been triggered. We therefore hold that, under the circumstances of this case, an insurer does not forfeit the right to intervene if it breaches the duty to give due consideration to settlement offers.[5] Phoenix Indemnity is entitled to intervene as of right in the damages hearing.

---

**5.** Although we have not been asked to review the court's finding that Phoenix Indemnity's failure to tender a check within Mora's deadline resulted in a breach of the contract, we note that the mere fact that an insurer does not accept an offer to settle within the deadline set by the settlement demand does not automatically constitute a breach of the contract. *See Miel v. State Farm Mut. Auto. Ins. Co.,* 185 Ariz. 104, 110, 912 P.2d 1333, 1339 (App.1995).

### III. *Comparative Fault*

¶ 25 Mora contends that, if Phoenix Indemnity is allowed to intervene in the damages hearing, it should not be allowed to address issues of liability or comparative fault. We note that the trial court did not rule on this issue, Phoenix Indemnity did not raise the issue on appeal, and Mora did not file a cross-appeal raising the issue.

¶ 26 In general, an appellee, without need for a cross-appeal, may raise any issue in support of the judgment that was properly presented to the trial court, and this court may affirm the judgment based on any such grounds. *See* Ariz. R. Civ.App. P. 13(b). However, "[t]he appellate court may direct that the judgment be modified to enlarge the rights of the appellee or to lessen the rights of the appellant only if the appellee has cross-appealed seeking such relief." *Id.* Because the trial court did not rule on this issue, Mora did not raise it in a cross-appeal, and a ruling in favor of Mora would affect Phoenix Indemnity's rights, we may not consider this issue.

### IV. *Attorneys' Fees and Costs*

¶ 27 Mora requested an award of costs and attorneys' fees on appeal pursuant to Arizona Revised Statutes Annotated section 12–341.01 (1992). Phoenix Indemnity argues that this is not an action "arising out of contract" within the meaning of section 12–341.01. Because Mora is not the prevailing party in any event, we need not consider this issue. Mora's request is denied.

### CONCLUSION

¶ 28 For the foregoing reasons, we reverse the trial court's denial of Phoenix Indemnity's motion to intervene at the damages hearing, vacate the trial court's final judgment, and remand for proceedings consistent with this decision. *See H.B.H,* 170 Ariz. at 325, 823 P.2d at 1333.

CONCURRING: E.G. NOYES, JR., Judge, and JON W. THOMPSON, Judge.